IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:20-cv-01023 |
| | ) | Judge Trauger |
| THE METROPOLITAN GOVERNMENT OF | ) | **Lead Case** |
| NASHVILLE AND DAVIDSON COUNTY, | ) | |
| TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

---

| | | |
|---|---|---|
| DR. LILY MORENO LEFFLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:21-cv-00038 |
| | ) | Judge Trauger |
| METROPOLITAN GOVERNMENT OF | ) | Member Case |
| NASHVILLE AND DAVIDSON COUNTY, | ) | |
| TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

---

| | | |
|---|---|---|
| DR. JAMES BAILEY, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 3:21-cv-00122 |
| | ) | Judge Trauger |
| THE METROPOLITAN GOVERNMENT OF | ) | Member Case |
| NASHVILLE AND DAVIDSON COUNTY, | ) | |
| TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Before the court are (1) the defendants' Motion to Remove the Pseudonym "Jane Doe" from this Lawsuit (Doc. No. 97), which the plaintiff identified as Jane Doe opposes, and (2) the defendants' unopposed Motion to Ascertain Status of their Motion to Remove the Pseudonym (Doc. No. 134). For the reasons set forth herein, the defendants' Motion to Remove the Pseudonym will be granted, and the Motion to Ascertain Status will be denied as moot.

### I. BACKGROUND

Plaintiff Jane Doe's Second Amended Complaint asserts claims for employment discrimination and retaliation under both federal law (42 U.S.C. § 1983, based on alleged violations of the Family Educational Rights and Privacy Act ("FERPA") and the First Amendment, and Titles VI and VII of the Civil Rights Act) and state law (the Tennessee Teachers' Tenure Act and the Tennessee Human Rights Act) in connection with the plaintiff's demotion and the defendants' subsequent rejection of the plaintiff's applications for other positions for which she was allegedly qualified. (Doc. No. 85.) In addition to having been employed as a teacher and administrator by the Metropolitan Nashville Public Schools ("MNPS"), a public school system operated by defendant Metropolitan Government of Nashville and Davidson County ("Metro"), the plaintiff is also the parent of a child with special needs who attends public school in Nashville. The plaintiff's retaliation claims are premised upon protected activity that concerned the defendants' treatment of her minor child, including complaints the plaintiff made about a specific lesson plan taught to her child that the plaintiff considered to be inappropriate for a number of reasons and about another teacher's unauthorized posting of a video that featured the plaintiff's child, as well as the plaintiff's filing of a separate lawsuit against Metro on behalf of her minor child.

At the same time that Jane Doe filed this lawsuit in April 2021, she also filed a Motion for Leave to File Under a Pseudonym. (Doc. No. 7.) In the plaintiff's Memorandum and Declaration supporting that motion, the plaintiff noted that her complaints to MNPS were about incidents involving her child while the plaintiff was both employed by MNPS and taught at the same school attended by her child. (Doc. No. 9 ¶ 3.) The plaintiff also stated that she wished to pursue this lawsuit under a pseudonym, because she did not "want it to be known that [her] minor child . . . has a diagnosis of autism or was treated in [the] manner set forth in [her] Complaint." (*Id.* ¶ 8.) The Magistrate Judge to whom the case was initially referred granted the motion in a brief Order adopting the reasons stated in Doe's Memorandum. (Doc. No. 11.) Although the Order was entered before the defendants had even been served with process, the defendants have not previously raised an objection to the plaintiff's proceeding anonymously.

The defendants have now filed their Motion to Remove the Pseudonym, seeking to require the plaintiff to proceed using her own name. (Doc. No. 97.) The plaintiff filed a Response in opposition to the motion, along with her Declaration (Doc. Nos. 104, 106), and the defendants filed a Reply (Doc. No. 114).

## II. DISCUSSION

### A. Standard Governing a Plaintiff's Use of a Pseudonym

The "general rule [is] that a complaint *must state* the names of the parties." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (citing Fed. R. Civ. P. 10(a)); *see also Smith v. S.E.C.*, 129 F.3d 356, 359 n.1 (6th Cir. 1997) (noting the "strong presumption that court files will be open to the public"). This rule has "constitutional overtones," as a plaintiff's use of a pseudonym "runs afoul of the public's common law right of access to judicial proceedings, a right that is supported by the First Amendment." *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000))

(internal quotation marks omitted); *see also Doe v Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F3d 1036, 1042 (9th Cir. 2010) ("The normal presumption . . . that parties must use their real names . . . is loosely related to the public's right to open courts and the right of private individuals to confront their accusers." (internal citations omitted)).

The Sixth Circuit has identified a non-exhaustive list of factors courts may consider in determining whether "special circumstances" exist to justify an exception to the rule, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* at 560 (quoting *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)). The court may exercise its discretion to consider other factors that may be relevant in a particular case, keeping in mind that the applicable standard is whether "a plaintiff's privacy interests *substantially outweigh* the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560 (emphasis added).

### B. The Defendants' Motion

In support of their motion, the defendants argue that the factors that initially, at least arguably, supported the plaintiff's use of a pseudonym no longer weigh in her favor. They concede that they did not oppose the plaintiff's use of a pseudonym when this case was filed. They point out, however, that the plaintiff is no longer employed by MNPS and that her child does not attend the same school as previously. In addition, the court has now dismissed the separate lawsuit that the plaintiff filed on behalf of her minor child, *Doe v. Herman*, No. 3:20-cv-00947, 2021 WL 1967558 (M.D. Tenn. May 17, 2021). The defendants contend that, as a result, the case is now "a straightforward employment matter," and the plaintiff's fears on behalf of her child are unwarranted. (Doc. No. 97, at 3–4.) In addition, they argue that the parties can take steps to protect the plaintiff's minor child's identity short of permitting the plaintiff herself from proceeding under

a pseudonym. Finally, they contend that, in this consolidated suit involving several different plaintiffs, "[t]he combination of unsealed, and sometimes sealed documents (when using anything with Jane Doe's real name on it) has become very unwieldy in discovery and will become increasingly so as the parties advance toward the summary-judgment process, trial, and any appeals . . . ." (*Id.* at 4.)

In her Response, the plaintiff argues that (1) the standard of review applicable to the defendants' motion is the same as the standard applicable to Rule 59(e) motions to alter or amend a judgment, and, under that standard, the defendants have not shown that they are entitled to relief; (2) the plaintiff's circumstances have not changed significantly, and she still seeks to protect her minor child, whom she fears will be harassed by teachers or students at his new school if her identity is disclosed. She asserts that the *Porter* factors identified above continue to weigh in her favor.

### C. The Applicable Standard of Review

As an initial matter, the plaintiff's contention that Rule 59(e) governs the court's review of the defendant's motion is incorrect. That rule governs motions to "to alter or amend a *judgment*." Fed. R. Civ. P. 59(e) (emphasis added). The Order granting the plaintiff leave to proceed under a pseudonym was an interlocutory order entered prior to final judgment. The Sixth Circuit has recognized that "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)); *see also Mallory*, 922 F.2d at 1282 ("A district court may modify, or even rescind, such interlocutory orders."); *In re Saffady*, 524 F.3d 799, 802–03 (6th Cir. 2008) (holding that a district court can vacate interlocutory orders prior to

entry of final judgment, even *sua sponte*).[1] "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959.

More recently, the Sixth Circuit, citing *Mallory*, affirmed a district court's order lifting a protective order sealing the case. *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016). In that case, the court noted that it was particularly appropriate for the district court to revisit the appropriateness of a protective order when it had failed to "make any findings or legal conclusions in support of the initial seal." *Id.* at 594. The court went on to find that the district court had not abused its discretion in vacating the protective order, reiterating that, "in making this determination, a court must balance the litigants' privacy interests against the public's right of access, recognizing our judicial system's strong presumption in favor of openness."[2]

In light of this precedent, the court finds that there is both new evidence available and a need to correct a clear error, as the order originally granting the plaintiff's motion to proceed anonymously did not make any express factual findings or legal conclusions. The court, therefore, will exercise its inherent discretion to revisit the matter of whether the plaintiff should be permitted

---

[1] Rule 54 provides, as relevant here, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

[2] The court also found that it had jurisdiction over the plaintiff's appeal of the district court's order granting the defendant's motion to unseal, under the collateral order doctrine. *Rudd*, 834 F.3d at 592 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47 (1949); *Application of Nat'l Broad. Co.*, 828 F.2d 340, 343 (6th Cir. 1987)).

to continue to proceed under a pseudonym, applying the same legal standard as that applied to an initial motion to proceed under a pseudonym, set forth above.

D.     **The *Porter* Factors**

The plaintiff in this case sues to challenge governmental activity, the first *Porter* factor. Thus, this factor weighs in the plaintiff's favor, but not heavily, because the challenge raised here is not of the type that has been recognized as weighing strongly in favor of permitting anonymity. *See Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) ("[I]n only a very few cases challenging governmental activity can anonymity be justified."); *Doe v. Carson*, No. 19-1566, 2020 WL 2611189, at *3 (6th Cir. May 6, 2020) ("Doe argues on appeal that she has a First Amendment right to petition for the redress of grievances without roadblocks keeping her from exercising that right. Because any lawsuit against the government would implicate the First Amendment right to petition for redress of grievances, Doe's argument fails to show exceptional circumstances warranting the use of a pseudonym."), *cert. denied*, 141 S. Ct. 1411 (2021); *see also G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012) (noting that this factor "usually applies to cases in which the plaintiff challenges governmental activity such as a policy or statute").

The next question is whether the plaintiff will be required to disclose intimate information. The plaintiff argues that she has a substantial privacy interest in the "medical condition, health, and school information of her child." (Doc. No. 104, at 6.) As the defendants argue, however, the relevance of the plaintiff's child's medical diagnosis or other information about her child to this lawsuit is "tenuous at best." (Doc. No. 97, at 2.) The plaintiff brings claims for employment discrimination and retaliation that do not remotely implicate intimate information concerning the *plaintiff*. Moreover, although the protected activity giving rise to her retaliation claims concerned the defendants' treatment of her child, the fact that the plaintiff engaged in protected activity, for

purposes of her retaliation claims, is not in dispute. And, as this court has recognized elsewhere, "other types of protective orders, such as those requiring that documents containing sensitive information be sealed or redacted, may be appropriate as an alternative to permitting a litigant to proceed anonymously." *Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2021 WL 2651188, *3 (M.D. Tenn. June 28, 2021) (Trauger, J.). This factor does not weigh in the plaintiff's favor.

The third *Porter* factor (whether the litigation compels the plaintiff to disclose an intention to violate the law) is not relevant and, therefore, does not weigh in favor of permitting the plaintiff to proceed anonymously.

As for the fourth factor, all of the cases the plaintiff cites as supporting a conclusion that anonymity in her case is warranted involved plaintiffs who either were minors themselves or brought suit on behalf of their minor children. *See, e.g.*, *Porter*, 370 F. 3d at 561 (noting that the suit was "brought on behalf of very young children"); *Stegall*, 653 F2d at 186 ("A final factor we find especially persuasive is the fact that plaintiffs are children."). The plaintiff here is not a minor and she does not purport to bring suit on behalf of her minor child. This factor does not weigh in her favor either.

The *Porter* factors, of course, are not meant to be exhaustive, and the court has the discretion to consider whether any other special circumstances warrant permitting the plaintiff to proceed under a pseudonym. The court understands the plaintiff to be arguing, essentially, that disclosure of her identity will necessarily, by association, reveal the identity of her child, thus justifying her continuing to proceed anonymously. She also alleges in her Declaration—but not in the Complaint or Second Amended Complaint—that many of the teachers at her son's former

school knew about the plaintiff's lawsuit *on behalf of her child* and that her son suffered retaliation because of that lawsuit. (Doc. No. 106 ¶¶ 19–20.)[3]

The court is not persuaded that the plaintiff's association with her child, under the circumstances presented here, warrants permitting the plaintiff to continue to proceed under a pseudonym. At this juncture, this case is a relatively straightforward employment discrimination lawsuit. The plaintiff's lawsuit on behalf of her child has been dismissed, and the plaintiff herself is no longer employed by MNPS. Her child attends a different school than the one he attended when the events giving rise to the plaintiff's complaints and this lawsuit occurred. Although the plaintiff's concerns about protecting her minor child are understandable, the disclosure of her identity will not automatically result in the disclosure of her child's.[4]

The gravamen of the case is whether the *plaintiff*—not her minor child—was subjected to retaliation or discrimination. The plaintiff may choose to focus on and emphasize the events that gave rise to the protected activity on which her retaliation claims are based—indeed, she has already done so in her pleadings—but those events are of relatively minimal importance to the question of whether she can prove that the defendants retaliated against her in response to those complaints. "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Carson*, 2020 WL 2611189, at *2. This case is not exceptional, and the plaintiff cannot overcome the strong presumption that parties to a lawsuit must proceed under their own names.

---

[3] The plaintiff's Declaration refers only to "a lawsuit against the school system," but the event to which she refers took place before the plaintiff filed the present lawsuit, so it is clear from the context that she was referring to the suit she filed on behalf of her child. (*See* Doc. No. 106 ¶ 19.) Moreover, some of the "retaliatory" events to which she refers took place before she filed the lawsuit on behalf of her son. (*Id.* ¶ 20(3).)

[4] Obviously, the parties should not, under any circumstances, file unredacted documents containing the minor child's name, except under seal.

10

### III. CONCLUSION AND ORDER

For these reasons, the defendants' Motion to Remove the Pseudonym (Doc. No. 97) is **GRANTED**, and the Order initially granting the plaintiff's Motion for Leave to Proceed Under a Pseudonym (Doc. No. 11) is **VACATED**. The Motion to Ascertain Status (Doc. No. 134) is **DENIED AS MOOT**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge