# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

JENAI HAYES,                                    )
                                                )
DR. LILY MORENO LEFFLER,                        )
                                                )        **Judge Aleta A. Trauger**
and                                             )
                                                )        **No. 3:20-cv-01023 (LEAD CASE)**
DR. JAMES BAILEY,                               )        No. 3:21-cv-00038 (Member Case)
DR. PIPPA MERIWETHER, and                       )        No. 3:21-cv-00122 (Member Case)
DR. DAMON CATHEY,                               )               (CONSOLIDATED)
                                                )
   Plaintiffs,                   )
                                                )
v.                                              )
                                                )
METROPOLITAN GOVERNMENT                         )
OF NASHVILLE AND DAVIDSON                       )
COUNTY, TENNESSEE and                           )
DR. ADRIENNE BATTLE,                            )
                                                )
   Defendants.                   )

## MEMORANDUM & ORDER

Before the court is the Partial Motion to Dismiss (Doc. No. 100), filed, along with a supporting Memorandum (Doc. No. 101), by defendants the Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") and Dr. Adrienne Battle, seeking dismissal of plaintiff Jenai Hayes's claim under 42 U.S.C. § 1983 for violation of her right to due process.

The due process claim, as originally stated in the Second Amended Complaint and reiterated in the Third and now Fourth Amended Complaints,[1] is premised upon the following sequence of events: (1) the defendants notified the plaintiff on April 29, 2020 that she was "fired," "effective the end of the school year," that is, as of June 30, 2020 (Doc. No. 142 ¶¶ 41, 42); (2) on

---

[1] The superseding complaints have not mooted the defendants' Motion to Dismiss.

May 4, 2020, the defendants realized that the plaintiff was tenured and, therefore, told her that she was not actually fired but, instead, would be transferred to a different position (*id.* ¶ 55); and (3) although the plaintiff's job never actually terminated, during the five days between April 29 and May 4, 2020 when she believed it would be terminated, the plaintiff experienced severe anxiety and emotional distress arising from having been notified that her employment would be terminated (*id.* ¶¶ 55(a)–55(c)).

Plaintiff Jenai Hayes has responded to the defendants' Motion for Partial Dismissal. She first acknowledges that, in light of the court's ruling in *Doe v. Metropolitan Government*, No. 3:20-cv-01023, 2021 WL 6015491 (M.D. Tenn. Dec. 20, 2021), dismissing similar due process claims raised by two other plaintiffs in this consolidated case, her due process claim is subject to dismissal insofar as it is premised upon her transfer to a different position. *See id.* at *9 ("Meriwether and Cathey do not allege that their employment with the MNPS was terminated; rather, they were transferred to different positions. Irrespective of whether these transfers, allegedly made in bad faith, may be actionable under other federal and/or state laws, they do not give rise to a claim for a violation of these plaintiffs' rights to due process under the Fourteenth Amendment.").

In light of *Doe*, Hayes now focuses her response to the defendant's motion on her claim that, for those five days between April 29 and May 4, 2020, she was "fired." (Doc. No. 118, at 2.) She contends that, "[d]espite the fact Defendant realized its error and reversed the termination five days later and told Plaintiff she was being transferred to a teaching position, for those five days, Doe is entitled to recover compensatory damages for the due process violation." (*Id.* at 3 (internal record citation omitted).) She asserts that compensatory damages for mental and emotional distress are recoverable for due process violations. (*Id.* (citing *Carey v. Piphus*, 435 U.S. 247, 264 (1978)).)

The court is not persuaded by the plaintiff's creative recharacterization of her due process claim. To state a due process claim, the plaintiff must plausibly allege that "(1) [she] had a life, liberty, or property interest protected by the Due Process Clause; (2) [she] was deprived of this protected interest; and (3) the state did not afford [her] adequate procedural rights." *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014). For purposes of this claim, the law is clear that tenured public school teachers in Tennessee, including principals and supervisors, have a "constitutionally protected property interest in continued employment." *Finney v. Franklin Spec. Sch. Dist. Bd. of Educ.*, 576 S.W.3d 663, 682 (Tenn. Ct. App. 2018) (quoting *Thompson v. Memphis City Schs. Bd. of Educ.*, 395 S.W.2d 616, 627 (Tenn. 2012)). The plaintiff, therefore, has adequately pleaded the existence of a property interest sufficient to satisfy the first element of her due process claim. She has not, however, alleged that she was deprived of this interest.

Rather, although she claims that she was "fired," the facts as she alleges them do not establish that she was actually fired. Rather, she was simply given notice that her employment would terminate effective June 30, 2020—sixty days later—if she did not "secure another position at" Metro Nashville Public Schools. (Doc. No. 142 ¶ 42.) Although she received this notice erroneously, it did not result in the actual termination of her employment. She remained employed and retained her pay and all other attendant benefits at all times during those five days. Notice of a termination to be effective on some future date and actual termination of employment are not synonymous. Because the plaintiff does not plausibly allege that she was ever deprived of her protected property interest in continued employment, she fails to state a due process violation. The court, therefore, has no need to consider whether the deprivation occurred without adequate procedure or whether the plaintiff suffered damages arising from such a deprivation.

For these reasons, the defendants' Motion for Partial Dismissal (Doc. No. 100) is **GRANTED**. Plaintiff Jenai Hayes's claim under 42 U.S.C. § 1983 for deprivation of her Fourteenth Amendment right to due process, as set forth in her Fourth Amended Complaint (Doc. No. 142), as the operative pleading, is **DISMISSED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge