IN THE UNITED STATES DISTRICT COURT FOR TENNESSEE
FOR THE MIDDLE DISTRICT
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JENAI HAYES** | ) | No. 3:20-cv-01023 LEAD CASE |
| **DR. LILY MORENO LEFFLER,** | ) | Judge Trauger |
| | ) | **(CONSOLIDATED)** |
| and | ) | |
| **DR. JAMES BAILEY,** | ) | |
| **DR. PIPPA MERIWETHER, and** | ) | |
| **DR. DAMON CATHEY,** | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| **METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE and DR. ADRIENNE BATTLE,** | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO ASCERTAIN STATUS OF THE QUALIFIED IMMUNITY ISSUES OR, IN THE ALTERNATIVE, TO CONTINUE THE PRE-TRIAL DEADLINES

Defendants, Metro and Dr. Battle, respectfully move to ascertain the status of the parties' summary judgment motions (Doc. Nos. 155, 156, & 157) filed on July 27, 2022, particularly with regard to the qualified immunity issues; or alternatively, to continue the pre-trial filing deadlines pending a decision on Dr. Battle's motion for summary judgment asserting qualified immunity.

Metro and Dr. Battle each filed motions for summary judgment in this case on July 27, 2022. (Doc. Nos. 155 & 156.) Plaintiffs also filed a motion for partial summary judgment on the same date. (Doc. No. 157.) Each of those motions (including the parties' memoranda in support, responses, and replies in support) were lengthy, and the matter was only fully briefed as of

{N0504691.1}

September 12, 2022. The Court assisted both sides in that process by granting extensions of time for briefing, so it is understandable that these motions remain pending.

However, this motion is simply focused on the fact that Dr. Battle has been sued individually and has asserted an immunity defense in her summary-judgment motion.

A defendant is entitled to a decision on the qualified immunity defense before trial if the defense is raised in a summary-judgment motion. *Wallin v. Norman,* 317 F.3d 558, 563 (6th Cir. 2003) (trial court's decision not to address the merits of qualified immunity defense raised in summary judgment motion was a conclusive determination for purpose of allowing interlocutory appeal); *Workman v. Jordan*, 958 F.2d 332, 335-36 (10th Cir. 1992); *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986*)*; *Craft v. Wipf*, 810 F.2d 170, 173 (8th Cir. 1987); *Musso v. Hourigan*, 836 F.2d 736, 741 (2d Cir. 1988). In addition, an interlocutory appeal of qualified immunity is permitted where the issue turns on questions of law. *E.g., Crockett v. Cumberland Coll.*, 316 F.3d 571, 578 (6th Cir. 2003).

The trial of this matter is set for December 6, 2022. As such, the pre-trial filing deadlines are approaching.[1] Such filings will necessarily require Dr. Battle to reveal trial strategies in advance of a ruling on her immunity defense. In addition, as discussed above, Dr. Battle is entitled to have her immunity claims considered by this Court, and, if necessary, by the Sixth Circuit, before being subjected to the burdens of trial. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

The window for filing such an appeal to the Sixth Circuit is 30 days after entry of the order appealed from. Fed. R. App. P. 4(a)(1). Accordingly, if Dr. Battle is faced with an adverse ruling

---

[1] Indeed, the deadlines to exchange exhibits and deposition designations arrived today and the Parties are busy exchanging those documents.

on her qualified immunity claims, even in part, then the current trial date of December 6th would fall within her 30-day window for filing such an appeal.

Therefore, Dr. Battle moves to ascertain the status of her motion. Alternatively, in the event the Court is unable to rule on the merits of the summary judgment motions at this time, Defendants respectfully request that the Court continue the pre-trial filing deadlines until a date sufficiently after the Court is able to rule on the summary judgment motions. In the interest of judicial economy, and because Metro's motion for summary judgment turns in large part on whether the Plaintiffs have produced evidence to establish a constitutional violation against Dr. Battle, Metro also joins in this motion.

Opposing counsel have been contacted and do not oppose this motion.

Respectfully submitted,

*/s/ J. Brooks Fox*
J. Brooks Fox (BPR #16096)
Benjamin A. Puckett (BPR #40042)
Kelli F. Woodward (BPR #39538)
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6375

## Certificate of Service

This is to certify that a copy of the foregoing was served via the court's CM/ECF system to: Ann Buntin Steiner, Steiner & Steiner, LLC, 613 Woodland Street, Nashville, TN 37206, and Jesse Ford Harbison, Jesse Ford Harbison Law, PLLC, 1109 N. 6th Street, Nashville, TN 37207, and Anne Bennett Hunter, Hunter Law Firm PLC, 101 Creekside Crossing, Suite 1700-307 Brentwood, TN 37027 on November 15, 2022.

*/s/ J. Brooks Fox*
J. Brooks Fox

{N0504691.1}                    3

Case 3:20-cv-01023   Document 215   Filed 11/15/22   Page 3 of 3 PageID #: 6259