IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JENAI HAYES, ) | |
| ) | |
| DR. LILY MORENO LEFFLER, ) | |
| ) | Judge Aleta A. Trauger |
| and ) | |
| ) | No. 3:20-cv-01023 (LEAD CASE) |
| DR. JAMES BAILEY, ) | No. 3:21-cv-00038 (Member Case) |
| DR. PIPPA MERIWETHER, and ) | No. 3:21-cv-00122 (Member Case) |
| DR. DAMON CATHEY, ) | (CONSOLIDATED) |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| METROPOLITAN GOVERNMENT ) | |
| OF NASHVILLE AND DAVIDSON ) | |
| COUNTY, TENNESSEE and ) | |
| DR. ADRIENNE BATTLE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

Before the court is the plaintiffs' Unopposed Motion to Enter Judgment as Final and Stay Remaining Proceedings Pending Appeal (Doc. No. 220), filed along with a supporting Memorandum of Law (Doc. No. 221).

This is a consolidated case involving three lawsuits and five plaintiffs: (1) Case No. 3:20-cv-01023, filed by Jenai Hayes (the "Hayes case"); (2) Case No. 3:21-cv-00038, filed by Lily Leffler (the "Leffler Case"); and (3) Case No. 3:21-cv-00122, filed by James Bailey, Pippa Meriwether, and Damon Cathey (the "Bailey case"). The present motion arises from the court's December 7, 2022 Order ("December 7 Order") granting in its entirety defendant Adrienne Battle's Motion for Summary Judgment and granting in part the Motion for Summary Judgment filed by defendant Metropolitan Government of Nashville and Davidson County, Tennessee

("Metro"). (Doc. No. 218.) In the December 7 Order, the court granted Metro's motion for judgment in its favor as to: (1) all claims asserted by all plaintiffs under the Tennessee Teacher Tenure Act ("TTTA"); (2) all claims asserted by all plaintiffs under the Tennessee Open Meetings Act ("TOMA"); (3) all claims asserted by Hayes in her separately filed case (including TTTA and TOMA claims);[1] and (4) all claims asserted by Bailey in the Bailey case.[2] The court denied Metro's motion for judgment in its favor on (1) Leffler's associational retaliation claim under Title VII and her THRA claim related to her non-selection for the position of Executive Director in her separately filed case; (2) Meriwether's and Cathey's ADEA and THRA age discrimination claims in the Bailey case; and (3) Cathey's THRA retaliation claim. As she was entitled to do, *see Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018), Hayes filed her own Notice of Appeal following the dismissal of all claims asserted in her separately filed case. *See also Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 551 (6th Cir. 1994) ("Consolidated cases remain separate actions. Thus, a case which is disposed on summary judgment is appealable pursuant to 28 U.S.C. § 1291 despite the fact that the case with which it is consolidated has not been disposed.").

Invoking Rule 54(b) of the Federal Rules of Civil Procedure, the plaintiffs seek certification of final judgment as to (1) the dismissal of all of Bailey's claims against Metro (including, among others, his TTTA claims); (2) the dismissal of Cathey's, Meriwether's, and Leffler's TTTA claims; and (3) the dismissal of Leffler's retaliation claims related to the alleged

---

[1] Hayes asserted TTTA and TOMA claims, a due process claim under 42 U.S.C. § 1983 that was previously dismissed under Rule 12(b)(6), a First Amendment retaliation claim under § 1983, discrimination claims under the Tennessee Human Rights Act ("THRA") and Title VII of the Civil Rights Act of 1964 ("Title VII), and retaliation claims under the THRA, Title VII, and Title VI of the Civil Rights Act.

[2] In addition to TTTA and TOMA claims, Bailey asserted claims under § 1983 for violation of his rights under the First and Fourteenth Amendments, a claim under the Tennessee Public Protection Act ("TPPA"), and age discrimination claims under the Age Discrimination in Employment Act ("ADEA") and the THRA.

elimination of her Executive Director position.[3] The plaintiffs assert that the entry of final judgment on these claims is appropriate, as the December 7 Order "ultimately disposed of one or more but fewer than all of the claims or parties" and "there is no just reason for delay." (Doc. No. 220, at 2.) Secondarily, the plaintiffs request that the court stay any proceedings on the remaining unadjudicated claims or, alternatively, that the court stay proceedings on the unadjudicated claims pending the resolution of Hayes' appeal. None of the relief sought by the plaintiffs in this motion is opposed by the defendants.

I.   **LEGAL STANDARDS**

"Appellate jurisdiction typically extends only to final judgments." *Buccina v. Grimsby*, 889 F.3d 256, 258 (6th Cir. 2018) (citing 28 U.S.C. § 1291). Generally speaking, an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is not a "final judgment" and "does not end the action as to any of the claims or parties." Fed. R. Civ. P. 54(b). Thus, "'when a district court grants summary judgment on some but not all claims' in a lawsuit, 'the decision is not a final order for appellate purposes.'" *Carpenter v. Liberty Ins. Corp.*, 850 F. App'x 351, 353 (6th Cir. 2021) (quoting *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012)).

> There are exceptions to this rule, however. As relevant here, Rule 54 also provides that
>
> [w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). Under this rule, a district court is authorized to "certify a partial grant of

---

[3] The plaintiffs expressly disclaim any intention to certify as final the dismissal of the claims against Battle, and they do not even mention TOMA, even though both Hayes and Bailey brought TOMA claims.

summary judgment for immediate appeal if the court 'expressly determines that there is no just reason for delay.'" *Carpenter*, 850 F. App'x at 353 (quoting Fed. R. Civ. P. 54(b)).

"Proper certification under Rule 54(b) is a two-step process." *Planned Parenthood*, 696 F.3d at 500. First, the district court must "expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case." *Id.* (citation and quotations omitted). Second, "the district court must expressly determine that there is no just reason to delay appellate review." *Id.* (citation omitted). A certification order fails at the first step "if it does not involve a 'final' order or does not feature multiple, separate 'claims.'" *Carpenter*, 850 F. App'x at 354 (citing *Planned Parenthood*, 696 F.3d at 500). At the second step, the district court "must clearly explain" its finding that there is no just reason for delaying appellate review. *Id.* (citation omitted).

The Sixth Circuit has instructed the district courts to consider a non-exhaustive list of five factors to guide this inquiry, including: (1) the adjudicated and unadjudicated claims' relationship; (2) the likelihood that subsequent district court decisions may moot the appellate review; (3) the likelihood of the appellate court's needing to review the same issue again; (4) the existence of claims or counterclaims that could undercut the finality of a judgment; and (5) judicial efficiency, "economic and solvency considerations," and other "miscellaneous considerations." *Corrosioneering, Inc. v. Thyssen Environmental. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986).

For purposes of determining whether "multiple claims" have been asserted by the parties as contemplated by Rule 54(b), the Sixth Circuit has defined a single claim as 'the aggregate of operative facts [that] give rise to a right enforceable in the courts,' even if the party has raised different theories of relief." *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004) (quoting *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)). However, where a case involves multiple *parties*, and a decision is rendered disposing of all claims by at

least one of those parties, Rule 54 is satisfied without reference to the question of whether the case involves multiple *claims*. *See Greene v. Crawford Cty.*, No. 18-11008, 2020 WL 5204121, at *3 (E.D. Mich. Sept. 1, 2020) ("[I]f there are multiple parties and an order disposes of some, but not all, of those parties, then final judgment is appropriate." (citation omitted)), *aff'd in part*, 22 F4th 593 (6th Cir. 2022) (finding that it properly had appellate jurisdiction over cross appeal certified for appeal by the district court under Rule 54(b)).

## II. DISCUSSION

### A. Entry of Final Judgment is Warranted

In this case, the court dismissed all claims brought by Hayes in her separately filed case. As indicated above, "when one of several consolidated cases is finally decided, a disappointed litigant is free to seek [immediate] review of that decision in the court of appeals," *Hall*, 138 S. Ct. at 1131, so no impediment bars Hayes from pursuing her appeal. The dismissal of Hayes as a party, however, does not confer an immediate right to appeal upon the other plaintiffs, despite the consolidation of the cases. That is, the December 7 Order did not end the action as to either the Bailey case or the Leffler case, as claims and parties remain pending in both.

The December 7 Order did, however, dispose of one or more but fewer than all of the claims *and* parties in the Bailey case. All claims asserted by James Bailey and all claims asserted against defendant Adrienne Battle have been dismissed in the Bailey case, which involves three plaintiffs. The same order also disposed of some but not all of the claims brought by the other plaintiffs in that case, including all of their TTTA and TOMA claims. The court finds that entry of final judgment against Bailey is warranted, as the December 7 Order disposed of all claims asserted by him. In addition, the court also finds that entry of final judgment in favor of Metro with respect to the TTTA claims brought by all three plaintiffs in the Bailey case is warranted, as the facts

supporting those claims are largely distinct from the facts supporting Meriwether's and Cathey's various discrimination and retaliation claims under Title VII, the ADEA, and the THRA.

Likewise, the December 7 Order disposed of all TTTA and TOMA claims brought by Leffler, as well as one of the retaliation claims asserted by Leffler—that Metro retaliated against her in violation of Title VII and the THRA when it eliminated her position as Executive Director. As the plaintiffs point out, the operative facts alleged in support of her TTTA claim and the adjudicated retaliation claim involve the circumstances of the termination of her position, while the facts alleged in support of her unadjudicated claims concern Metro's failure to rehire her into an Executive Director position. (Doc. No. 221, at 7.) The court finds that entry of final judgment in favor of Metro is warranted with respect to Leffler's TTTA claims and the dismissal of her Title VII and THRA retaliation claims related to the alleged elimination of her Executive Director position, as requested by the plaintiffs.

### B. No Just Reason to Delay Appellate Review

The court must also determine whether there is no just reason to delay appellate review by "weigh[ing] and examin[ing] the competing factors involved in the certification decision." *Greene*, 2020 WL 5204121, at *3 (quoting *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61–62 (6th Cir. 1986)).

#### 1. Relationship Between Adjudicated and Unadjudicated Claims and the Likelihood of the Appellate Court's Needing to Review the Same Issue(s) Again

The first and third factors overlap substantially, so the court considers them together.

The plaintiffs argue first that the relationship between the adjudicated and unadjudicated claims supports certification with respect to the TTTA claims, with respect to which Meriwether and Cathey seek certification, because those claims involve many of the same key facts and issues that must be addressed in Hayes' appeal. The court agrees with that assessment, based on the

record as discussed in the Memorandum that accompanied the December 7 Order, and finds that granting certification on the TTTA claims in this scenario—where one party in a consolidated case has the right to an immediate appeal, other parties in the consolidated case do not have the same right, and there are overlapping questions of fact and law that apply to the parties' respective appeals—will serve to avoid duplicative appeals and allow the parties to present a single consolidated appeal of this court's resolution of the TTTA claims to the Sixth Circuit. This factor weighs in favor of the Meriwether's and Cathey's bid for certification.

With respect to Leffler's request for certification, the plaintiffs argue that this factor weighs in her favor as well, because the facts relevant to support her TTTA claims and the adjudicated retaliation claim are based on separate and distinct facts from her unadjudicated claims. *See Virgil v. City of Newport*, No. CV 16-224-DLB-EBA, 2021 WL 4494610, at *3 (E.D. Ky. Sept. 30, 2021) (noting that the Sixth Circuit has explained that "the relationship between the adjudicated and unadjudicated claims [] should generally be separate and independent so that the appellate court will not have to consider the same issues again if a second appeal is brought.'" (quoting *Justice v. Pendleton Place Apartments*, 40 F.3d 139, 141 (6th Cir. 1994)). As the court already observed, Leffler's TTTA claims and *adjudicated* retaliation claims involve allegations that Metro violated the TTTA and retaliated against Leffler in violation of Title VII and the THRA when it allegedly eliminated her position as Executive Director. Leffler's *unadjudicated* Title VII and THRA claims raise the question of whether MNPS retaliated against her by failing to rehire her as an Executive Director for the 2021-2022 school year, the facts supporting which are completely distinct from those supporting the adjudicated claims. However this court ultimately rules on the latter claims, an appeal of that ruling would not implicate the resolution on appeal of the claims this court has already resolved. This factor therefore weighs in favor of Rule 54(b) certification.

As this factor relates to Bailey, the facts and circumstances supporting his adjudicated claims under the TTTA, Section 1983, the TPPA, the ADEA and the THRA are completely distinct and involve no overlap with Meriwether's and Cathey's unadjudicated claims for discrimination and retaliation.

Moreover, granting immediate review of the dismissal of the TTTA claims brought by Meriwether and Cathey will minimize the risk of duplicative appeals, as their claims are so similar to those of Hayes, who is pursuing an immediate appeal as of right. With respect to the claims on which Leffler and Bailey seek certification, there is no likelihood of duplicative appellate review, because their adjudicated claims are wholly separate and distinct from the unadjudicated claims. The first and third factors identified above weigh in favor of certification.

> 2. *The Likelihood That Subsequent Decisions in this Court May Moot Appellate Review*

Even without staying the proceedings as to the unadjudicated claims, there would be little chance that future developments in this court would moot appellate review, as the remaining claims have little or no overlap with the adjudicated claims. However, where, as here, a stay of proceedings on the unadjudicated claims is appropriate, there is effectively no chance that subsequent decisions by this court will moot appellate review. *Accord Greene*, 2020 WL 5204121, at *3 ("[T]his Court's subsequent decisions do not risk mooting appellate review because the case is already stayed pending review of this Court's denial of qualified immunity."). This factor, too, weighs in favor of granting authorization for an immediate appeal.

> 3. *The Existence of Claims or Counterclaims That Could Undercut the Finality of a Judgment*

There are no counterclaims or crossclaims. This factor is either neutral or weighs in favor of certification.

### 4. *Judicial Efficiency and Other Considerations*

The court finds that the interests of judicial efficiency and economizing resources for the parties and the court weigh strongly in favor of granting certification. Even if trials on some of the employment discrimination and retaliation claims that rely on very distinct facts and circumstances may ultimately be bifurcated, keeping the TTTA claims on the same track will only be to the benefit of all plaintiffs and Metro, as well as the court system generally. This factor weighs in favor of granting all of the plaintiffs' requests for certification of their TTTA claims.

Moreover, granting Bailey leave to immediately appeal the dismissal of his other claims would further the interests of justice, simply because all of his claims have been dismissed, and appellate review of the dismissal of his other claims would not work to the disadvantage of any other claimant or adversely affect the interest of judicial economy. Although, like many of the other plaintiffs, Bailey asserts ADEA and THRA claims, the facts supporting those claims do not overlap with the facts supporting the other plaintiffs' unadjudicated claims, and no other plaintiff with still-pending claims has brought claims under the TPPA or the First Amendment.

### 5. *Conclusion*

Weighing and taking into consideration all of the relevant factors, the court finds no just reason to delay appellate review and will direct the entry of final judgment, thus paving the way for an immediate appeal, as to: (1) the dismissal of all of James Bailey's claims against Metro; (2) the dismissal of Damon Cathey's, Pippa Meriwether's, and Lily Leffler's TTTA claims; and (3) the dismissal of Leffler's retaliation claims related to the alleged elimination of her Executive Director position.

## III. STAY PENDING APPEAL

The plaintiffs also request, in the interest of judicial economy, that the court stay proceedings as to the remaining, unadjudicated claims, pending resolution of the plaintiffs'

appeals. Since the court is granting the plaintiffs' motion for Rule 54(b) certification, the court also finds that it is in the interest of justice to stay all district court proceedings pending a decision by the Sixth Circuit. That portion of the plaintiffs' motion will also be granted.

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, the plaintiffs' Unopposed Motion to Enter Judgment as Final and Stay Remaining Proceedings Pending Appeal (Doc. No. 220) is **GRANTED**.

In accordance with Rule 54(b), because there is no just reason for delay, the court hereby **DIRECTS** the Clerk to enter final judgment as to: (1) the dismissal of all of Bailey's claims against Metro; (2) the dismissal of Cathey's, Meriwether's, and Leffler's TTTA claims; and (3) the dismissal of Leffler's retaliation claims related to the alleged elimination of her Executive Director position.

The proceedings on the pending unadjudicated claims—"(a) Leffler's associational retaliation claim under Title VII and the THRA related to her non-selection for the position of Executive Director; (b) Meriwether's and Cathey's ADEA and THRA age discrimination claims; and (c) Cathey's THRA retaliation claim" (as identified in Doc. No. 218)—are hereby **STAYED** pending the Sixth Circuit's resolution of the appeals stemming from this court's partial grant of summary judgment to Metro in this consolidated case.

The status conference scheduled for Friday, January 6, 2023 is **CANCELLED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge