IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JENAI HAYES, ) | |
| ) | |
| DR. LILY MORENO LEFFLER, ) | |
| ) | |
| and ) | |
| ) | |
| DR. JAMES BAILEY, ) | |
| DR. PIPPA MERIWETHER, and ) | |
| DR. DAMON CATHEY, ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | |
| v. ) | Judge Aleta A. Trauger |
| ) | No. 3:20-cv-01023 (LEAD CASE) |
| METROPOLITAN GOVERNMENT ) | (CONSOLIDATED) |
| OF NASHVILLE AND DAVIDSON ) | |
| COUNTY, TENNESSEE and ) | |
| DR. ADRIENNE BATTLE, ) | |
| ) | |
|    Defendants. ) | |

## MEMORANDUM & ORDER

Before the court is the Motion in Limine No. 3 to Exclude Social Security Payments in Back and Front Pay Calculations filed by defendants Metropolitan Government of Nashville and Davidson County, Tennessee and Dr. Adrienne Battle (collectively referred to herein as "Metro"). (Doc. No. 254.) The plaintiffs have filed a Response in opposition to the motion. (Doc. Nos. 274.) For the reasons set forth herein, the motion will be granted.

**I.   BACKGROUND**

Metro does not seek to exclude the plaintiffs' economic expert altogether, and it does not characterize its motion as a *Daubert* motion, under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Rather, citing Federal Rule of Evidence 401, Metro moves to preclude

plaintiffs' expert, Dr. Charles L. Baum, II, from "testifying about the estimated employer contributions to Social Security and Medicare and adding it into a back or front pay award because those amounts are not properly included in any economic award." (Doc. No. 254 at 1.) More specifically, it contends that Dr. Baum improperly includes employer contributions to Social Security and Medicare in his earning capacity calculations, which would result in Metro's paying the employer contributions twice—once to the plaintiffs and once to the federal government. Metro's motion argues that the plaintiffs are not entitled to this windfall.

Metro also relies on IRS Publication 957: Reporting Back Pay and Special Wage Payments to the Social Security Administration ("Publication 957") to show that the federal government already ensures that plaintiffs who are awarded damages in the form of back pay are placed in the same position they would have been by requiring employers, like Metro, to pay the employer contribution (crediting Social Security) when they pay the back pay award. (Doc. No. 254 at 1.) As Metro states, "the IRS and the SSA consider back pay awards to be wages." (*Id.*; Publication 957, Doc. No. 254-2 at 3.)

The plaintiffs respond that Dr. Baum did not include Metro's Medicare taxes in his damages calculation, so that aspect of Metro's motion is moot. The court agrees that that aspect is moot and will not address this issue further.

The plaintiffs further contend, however, that the defendant's motion cites only Federal Rule of Evidence 401 and seeks exclusion of Baum's inclusion of the employer's portion of Social Security taxes in his damages calculation on the basis of relevance. They argue that Metro has not pointed to any caselaw supporting its position, and they point out that any ambiguity in the calculation of back pay damages should be resolved against the "discriminating employer." (Doc. No. 274 at 2 (citing *Rasimas v. Mich. Dep't of Mental Health*, 714 F.2d 614, 626–28 (6th Cir.

1983), *cert. denied*, 466 U.S. 950, (1984)). The plaintiffs also submit a Declaration from Dr. Baum, attesting that his method of damages calculation has been accepted in at least seven other district court cases and in one arbitration. (Doc. No. 274-1.)

## II. DISCUSSION

Aside from actual damages in the form of back pay, "[a]n employer is liable to a prevailing employee for lost fringe benefits which an employer would have paid the employee in the normal course of business." *Hance v. Norfolk S. Ry. Co.*, 571 F.3d 511, 523 (6th Cir. 2009) (internal quotation marks and citations omitted). That is, a "backpay award should make the claimant whole, . . . to place him in the position he would have been in but for discrimination," *Rasimas*, 714 F.2d at 626. "Backpay awards should not be reduced by the amount of income and social security taxes which would have been deducted from the wages the claimant would have received but for discrimination." *Id.* at 627.

However, it has long been established that awards of back pay are considered "wages" and are subject to employment taxes. *Hance*, 571 F.3d at 523; *see also United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 210 (2001); *Soc. Sec. Bd. v. Nierotko* , 327 U.S. 358, 364 (1946). Under the Federal Insurance Contributions Act ("FICA"), "both employees and employers must pay tax on wages to fund Social Security." *Cleveland Indians*, 532 U.S. at 205. The Social Security Act "contains a table prescribing tax rates applicable to 'wages paid during' each year from 1984 onward." *Id.* at 208; *see also* 26 U.S.C. § 3111(a) ("In addition to other taxes, there is hereby imposed on every employer an excise tax, with respect to having individuals in his employ, equal to 6.2 percent of the wages (as defined in section 3121(a)) paid by the employer with respect to employment (as defined in section 3121(b)).").

Taken together, these provisions mean that, if a plaintiff is awarded damages in the form of back pay, the jury should not deduct from that award any Social Security taxes or income taxes;

nor, however, should the jury *add* to it any amounts that the plaintiff is not otherwise entitled to receive. Instead, any back pay award will be treated as wages and will be taxable as such, which means that any plaintiff awarded back pay will be required to pay both income taxes and Social Security taxes on the award. Moreover, *the employer* will be required to pay its 6.2% portion of Social Security taxes on the taxable amount paid to the plaintiff. *See Hance*, 571 F.3d at 523 (noting that, when a plaintiff employee is awarded back pay damages, the employer "will be required to report and pay [Social Security] taxes on the back pay award, and [the employees] will receive retirement credit for the time periods covered by the back pay award, putting [them] in the position [they] would have been in had [they] not been discharged").

In other words, the plaintiffs are not entitled to that 6.2% payment that is payable by the employer to the federal government, and any calculation of damages should not incorporate or include that figure. Dr. Baum's calculation of damages appears to do just that: add the employer's portion of Social Security taxes to his damages award calculations. (*See* Doc. No. 296 at 3 ("I have assumed that absent their terminations or demotions, each Plaintiff would have continued receiving government-mandated employment benefits. These government-mandated employment benefits equal the employer-paid portion of the payroll tax, which is 6.2% of earnings up to the Social Security wage base . . . ."); *see also, e.g.*, Baum Expert Report, Doc. No. 254-1 at 5.) The Tables attached to Baum's Report for each plaintiff also appear to include the employer portion of Social Security taxes as part of each plaintiffs' damages calculation. (Doc. No. 254-1 at 10, 60, 111, 163, 213.)

While "back pay in a Title VII case need not be proven with the exactitude of lost profits in a breach of contract case, neither can such an award be appropriately founded on mere speculation." *Hance*, 571 F.3d at 520. However, "the purpose of a back-pay award in

discrimination cases is to make the claimant whole, that is, to place him in the position he would have been in but for discrimination.'" *Id.* (quoting *Rasimas*, 714 F.2d at 626). "[B]ack-pay awards should . . . not [make the plaintiff] better off." *Id.* at 521. Baum's inclusion of "Replacement Social Security Benefits" in his damages calculations "go[] beyond what is needed to make the plaintiff[s] whole." *Id.* at 523. These benefits would constitute a windfall to the plaintiffs and require a double payment of the Social Security taxes by the employer.[1]

### III. CONCLUSION AND ORDER

Insofar as Baum's damages calculations include the employer's 6.2% FICA contribution, that amount is not payable as damages to the plaintiffs and should not be included in any damages calculation. If the plaintiffs are awarded back pay damages, Metro will be required to pay the employer's portion of Social Security taxes on the back pay award directly to the federal government. Metro's Motion in Limine No. 3 (Doc. No. 254) is **GRANTED**, and Dr. Baum **shall not** "testify[] about the estimated employer contributions to Social Security" and **shall not** add such contributions to his calculations of back or front pay damages

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge

---

[1] It would also *increase* their taxable wages, thus increasing both the amount of income and Social Security taxes they owe, as well as increasing the amount the employer otherwise owes for the employer portion of the Social Security taxes.