IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JENAI HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:20-cv-1023 |
| | ) | Judge Trauger |
| THE METROPOLITAN GOVERNMENT OF | ) | **Lead Case** |
| NASHVILLE AND DAVIDSON COUNTY, | ) | |
| TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| DR. LILY MORENO LEFFLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:21-cv-00038 |
| | ) | Judge Trauger |
| METROPOLITAN GOVERNMENT OF | ) | Member Case |
| NASHVILLE AND DAVIDSON COUNTY, | ) | |
| TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| DR. JAMES BAILEY, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 3:21-cv-00122 |
| | ) | Judge Trauger |
| THE METROPOLITAN GOVERNMENT OF | ) | Member Case |
| NASHVILLE AND DAVIDSON COUNTY, | ) | |
| TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiffs' counsel have filed a Motion for Disbursement of Funds (Doc. No. 348), to which

1

former plaintiffs' counsel, Brian C. Winfrey, has filed a Response (Doc. No. 351), and plaintiffs' counsel have filed a Reply (Doc. No. 352).

Mr. Winfrey was hired some six weeks before this case was to be tried and claims that the original plaintiffs' counsel, who had worked on this case for some five years, agreed to give him one-third of their one-third contingency fee. Mr. Winfrey filed a lien with this court, and the parties agreed that the amount he claimed in fees, $748,662.43, would be deposited into the registry of the court pending a decision on the controversy over the fee agreement.

The court held two lengthy evidentiary hearings and basically had to decide credibility issues between a number of lawyers who regularly practice in front of this court. The court held that original plaintiffs' counsel had agreed to pay Mr. Winfrey $700.00 per hour for his work, not the large contingency share that he claimed. The court's original award was $78,400.00 (Doc. No. 342), but the court was persuaded by a later motion filed by Winfrey to add funds for additional hours not accounted for originally, increasing his fee award to $103,250.00. Winfrey filed a Notice of Appeal (Doc. No. 347), but, even as of now, has not filed a motion to stay the judgment pursuant to either Rule 62 of the Federal Rules of Civil Procedure or Rule 8 of the Federal Rules of Appellate Procedure.

In their pending motion, plaintiffs' counsel request that the court release from the registry of the court $645,412.43, which are the fees to which this court has ruled Mr. Winfrey is not entitled. This would leave in the registry the $103,250.00 awarded to Mr. Winfrey, which, of course, could be paid out to him upon his request. Winfrey's opposition to the Motion for Disbursement of Funds is basically a request to stay the judgment, although no motion to stay the judgment has been filed.

In order to stay a judgment, the Sixth Circuit typically looks at four factors:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Tiger Lily, LLC v. United States Dept. of Housing*, 992 Fed.3d 518, 522 (6th Cir. 2021). Here, in order for Mr. Winfrey to prevail on appeal, he would have to convince the appellate court that this court's credibility determinations are in error. Mr. Winfrey would not be irreparably injured absent a stay, in that the court is of the opinion that plaintiffs' counsel would be able to satisfy any increased award of fees that the Sixth Circuit might make. Plaintiffs' counsel would seem to be the parties more seriously injured, were the court to deny their motion, as they would be deprived of a sizeable fee for the lengthy time necessitated by the appeal. And finally, the court feels that the public interest lies with lawyers being able to promptly receive fees to which they have been ruled entitled.

For all these reasons, the plaintiffs' Motion for Disbursement of Funds is GRANTED. An Order for Disbursement of Funds accompanies this Memorandum and Order.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge